IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER LABOURDETTTE | § § | CAUSE NO. _____ |
| *Plaintiff*, | § § | |
| vs. | § § | |
| THE WEST I-10 VOLUNTEER FIRE DEPARTMENT INC. and JOSE RAMIREZ, CLARK HOLZHAUSER, AND DAVID WATSON, Individually | § § § § § | |
| *Defendants* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JENNIFER LABOURDETTE, files this Original Complaint complaining of Defendants, WEST I-10 VOLUNTEER FIRE DEPARTMENT, INC., (Department) and its Board Directors and Officers, JOSE RAMIREZ, DAVID WATSON AND CLARK HOLZHAUSER, (Board Directors) individually, (collectively "Defendants"), and in support thereof shows as follows:

**I.
INTRODUCTION**

1.  This is an action to recover unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.  This action seeks equitable relief, actual damages, exemplary and compensatory damages, liquidated damages, and attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful violations of the FLSA.

## II.
## VENUE AND JURISDICTION

3. The Court has federal question jurisdiction over the lawsuit because some or all of the underlying action(s) involve a federal question.

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

5. Plaintiff, **Jennifer Labourdette**, is a resident of Harris County, Texas.

6. Defendant, **Jose Ramirez,** is a Board Director and the President of West I-10 Volunteer Fire Department Inc., and a resident of Harris County, Texas.

7. Defendant, **David Watson,** is a Board Director and the Secretary of West I-10 Volunteer Fire Department Inc., and a resident of Harris County, Texas.

8. Defendant, **Clark Holzhauser,** is a Board Director and the Treasurer of West I-10 Volunteer Fire Department Inc., and a resident of Harris County, Texas.

9. Defendant, **West I-10 Volunteer Fire Department Inc.,** is doing business in the State of Texas, with the principal place of business located at 21388 Provincial Blvd, Katy, Texas 77450.  Defendant may be served with process at by serving its registered agent, Jose Ramirez at 21388 Provincial Blvd, Katy, Texas 77450.

10. Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

11. At all material times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. At all material times, Defendants have collectively been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

14. At all material times, Plaintiff was an individual employee who was engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

15. Defendants are a common enterprise and "joint employer" as defined by 29 U.S.C. § 203(r).

16. The individual defendants are Board Directors and Officers of the named business entity Defendant.

17. The individual defendants are Board Directors and Officers and are involved in the day-to-day business operations of the named business entity Defendant.

18. The individual defendants are Board Directors and Officers are involved in setting company policies of the named business entity Defendant.

19. With respect to the named business entity Defendant, the individual defendants are Board Directors and Officers and have the authority to hire and/or fire employees of such Defendant, including managers of that Defendant.

20. With respect to the named business entity Defendant, The individual defendants are Board Directors and Officers have the authority to direct and supervise the work of employees of such Defendant, including managers of that Defendant.

21. With respect to the named business entity Defendant, The individual defendants are Board Directors and Officers have the signing authority on the entity's checking accounts, including payroll accounts.

22. With respect to the named business entity Defendant, The individual defendants are Board Directors and Officers have the authority to make decisions regarding employee compensation, including the compensation of managers of such Defendant.

23. With respect to the named business entity Defendant, The individual defendants are Board Directors and Officers have the authority to make decisions regarding marketing such Defendant's businesses.

24. With respect to the named business entity Defendant, The individual defendants are Board Directors and Officers have the authority to make decisions regarding capital expenditures.

## V.
## FACTUAL BACKGROUND

25. Plaintiff is a former employee of Defendants.

26. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

27. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

28.     While working for Defendants, Plaintiff was required to regularly work regular hours, and overtime hours in excess of 40 hours during each seven-day workweek, for which she was not paid for.

29.     Thus, Plantiff sues Defendants for the unpaid wages owed.

## VI.
## CLAIM FOR RELIEF

30.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

31.     Plaintiff is a non-exempt employee.

32.     Plaintiff is entitled to receive regular pay, as well as overtime pay for all hours she has worked in excess of 40 during each seven-day workweek.

33.     Defendants did not pay Plaintiff for all hours worked.

34.     As such, Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff for all hours worked in accordance to the FLSA.

35.     Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern and practice regarding compensation due to Plaintiff.

36.     Defendants do not possess accurate time records indicating the number of hours worked by Plaintiff.

## VII
## JURY DEMAND

37.     Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Jennifer Labourdette respectfully requests that upon final hearing, the Court grant Plaintiff's relief as follows:

1. Declare that Defendants have violated the Fair Labor Standards Act by failing to pay Plaintiff for all hours worked, including overtime pay at one and one half times her regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

2. Declare that Defendants' violations of the FLSA are willful;

3. Order Defendants to pay Plaintiff the difference between what they should have paid Plaintiff for all hours worked, including overtime, during the relevant period and what they were actually paid, together with an equal amount as liquidated damages;

4. Order Defendants to pay Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

5. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants;

6. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

Respectfully submitted,

//S// *David J. Manley*

**David J. Manley**
State Bar No. 24001593
15201 Mason Road, Suite 1000-211
Cypress, Texas 77433
Telephone No.: (281)-281-687-6889
Facsimile No.: (713) 481-6367

**ATTORNEY FOR PLAINTIFF**